UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UCHE AKWUBA,                       x
                                   x     01 Civ. 3057 (SWK) (FM)
          Petitioner               x     96 Cr. 1159 (SWK)
                                   x
          -against-                x
                                   x     **<u>OPINION AND ORDER</u>**
UNITED STATES OF AMERICA,          x
                                   x
          Respondent.              x
-----------------------------------X
**SHIRLEY WOHL KRAM, U.S.D.J.**

The petitioner pro se, Uche Akwuba ("Akwuba"), moves this Court under 28 U.S.C. § 2255 to vacate or set aside his conviction and sentence on several counts of conspiracy, wire fraud, and transportation of stolen money. The Court referred this matter to Magistrate Judge Frank Maas, who issued a Report and Recommendation (the "R & R") advising the dismissal of Akwuba's petition. In subsequent submissions to the Court, Akwuba has made several specific objections to the R & R and has requested that the Court recuse itself. For the reasons that follow, the Court denies Akwuba's request for recusal. Moreover, after conducting a de novo review of Akwuba's objections and reviewing the remainder of the R & R for clear error, the Court adopts Judge Maas's findings and dismisses Akwuba's petition.

I.    **BACKGROUND**

As the factual and procedural history of this case is amply set forth in Judge Maas's Report and Recommendation, <u>see</u> R & R

3-12, the Court will only provide a brief summary of that history at the present time. Akwuba was convicted after a jury trial of two counts of conspiracy to commit wire fraud and transport stolen money, nine counts of wire fraud, and one count of interstate transportation of stolen money. On July 28, 1999, the Court sentenced Akwuba to a forty-six month prison term, to be followed by three years of supervised release.

Akwuba timely filed an appeal from his conviction, alleging that the Court: "(1) erred by failing to inquire into [his] claim of conflict of counsel and whether there was an actual conflict; (2) erred by denying [his] motions for severance and a mistrial for prejudice stemming from codefendant statements; and (3) erred at sentencing by imposing a two-level sentence enhancement for obstruction of justice." United States v. Akwuba, No. 99-1465, 2000 WL 311051, at *1 (2d Cir. Mar. 27, 2000) (unpublished decision). The Second Circuit denied Akwuba's appeal on March 27, 2000, finding that: (1) Akwuba had failed to show that his counsel was actually or potentially conflicted; (2) the allegedly inculpatory extrajudicial statements made by Akwuba's codefendant were not a "vitally important part" of the Government's case against him, and thus Akwuba was not entitled to severance or a mistrial; and (3) the Court did not err in applying a two-level obstruction of justice enhancement to Akwuba's sentence. Id. at *1-*2.

2

On April 11, 2001, Akwuba filed his petition for relief under 28 U.S.C. § 2255, which he amended on June 15, 2001. The Court referred Akwuba's petition to Judge Maas on January 14, 2002. The Government filed its opposing papers on April 15, 2002, and Akwuba filed his reply thereto on November 1, 2002. On May 2, 2005, Judge Maas issued the R & R, which denied Akwuba's twenty-three claims for relief. On May 3, 2005, Akwuba submitted a "general objection to all of Judge Maas's findings and recommendations," which was accompanied by three specific objections. The Court granted Akwuba leave to file additional specific objections to the R & R by August 31, 2005. This extension of time was enlarged on several occasions thereafter, and Akwuba finally submitted a list of further specific objections on January 4, 2007. This list of objections was accompanied by Akwuba's request, which was initially presented in a letter to the Court dated September 18, 2006, that the Court recuse itself from consideration of this matter.

## II.  DISCUSSION

Because Akwuba is proceeding pro se, the Court must grant his pleadings a "liberal construction," reading them "to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citations and quotation marks omitted). As set forth below, however, Akwuba's arguments do not withstand scrutiny even when liberally construed. With

respect to Akwuba's request for recusal, the Court finds that Akwuba has failed to allege any facts from which a reasonable person would infer that the Court's impartiality might be called into question. In regard to Akwuba's specific objections to the R & R, the Court's de novo review of these objections reveals them to be devoid of merit. Moreover, the Court finds that the remainder of the R & R is not clearly erroneous. Therefore, the Court adopts the R & R and dismisses Akwuba's § 2255 petition.

## A. Recusal Is Not Appropriate in This Matter

A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Whether a judge's impartiality "might reasonably be questioned" must be determined from the perspective of a "reasonable person, knowing all the facts." United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000) (quoting Diamondstone v. Macaluso, 148 F.3d 113, 120-21 (2d Cir. 1998)). Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because such rulings "only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal. Liteky v. United States, 510

U.S. 540, 555 (1994) (citing <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966)).

Here, Akwuba points to three rulings that purportedly give rise to an inference of bias, including (1) the Court's decision declining to direct the Government to pay the costs of a replacement Nigerian passport; (2) the Court's finding that the Government had adequately explained the circumstances of Akwuba's lost passport; and (3) the Court's determination that the extension of time for the filing of Akwuba's objections until December 30, 2006, would be the final extension granted. Contrary to the petitioner's submissions, these rulings do not evince any favoritism or antagonism, let alone the level of hostility required for recusal under <u>Liteky</u>.

In its correspondence with Akwuba, the Government adequately responded to inquiries regarding his lost passport, in addition to providing ample grounds for denying his request that the Government cover the processing fee for a new passport. <u>See</u> Gov't Letter, July 20, 2006. Moreover, the Court set December 30, 2006, as the final deadline for Akwuba's filing of objections to the R & R only after granting no fewer than four extensions of time, for a total delay of nearly twenty months, at Akwuba's request. <u>See</u> 01 Civ. 3057 (SWK), Dkt. Nos. 5, 6, 7, & 8 (postponing deadlines for Akwuba's objections to August 31, 2005, December 14, 2005, July 19, 2006, and December 30, 2006,

respectively, at his request). Under these circumstances, the three rulings cited by Akwuba do not raise any doubt as to the Court's impartiality.

Furthermore, Akwuba's naked assertion that the Court's bias was clear at his trial fails, from the perspective of a reasonable person knowledgeable of all of the facts, to call into question the Court's impartiality. Since the Court is just as strongly obligated not to recuse itself when there is no basis to do so as it is to recuse itself when there is such a basis, Akwuba's request for recusal must be denied. See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988).

**B. The Court Adopts the R & R**

Where a district court refers a dispositive motion to a magistrate judge for decision, the court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those aspects of the report and recommendation to which no timely objection has been made, however, the "district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing Fed. R. Civ. P. 72 advisory committee's notes); accord Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (stating that court may accept those portions of report that are not objected to if they "are

not facially erroneous"). After applying the appropriate level of scrutiny, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Akwuba has presented several specific objections to the R & R, which may be grouped into three categories. First, Akwuba objects to the manner in which Judge Maas reviewed his petition. Second, Akwuba challenges Judge Maas's resolution of certain substantive claims raised in his petition. Third, Akwuba attacks Judge Maas's conclusions respecting his ineffectiveness claims. In the sections that follow, the Court conducts a de novo review of the issues raised by these specific objections and holds that they are without merit. The Court then examines the remainder of the R & R for clear error and finds none.

### 1. Objections to the Manner of Judge Maas's Review

Akwuba objects to Judge Maas's acceptance of the Government's tardy response to his § 2255 petition, Judge Maas's denial of his request to bring in expert analysis of certain incriminating audiotape evidence, and other rulings related to the admission of such expert audio analysis. (Akwuba Objections 1-2, May 3, 2005.) For the reasons set forth below, these objections are not well taken.

The Government is obligated to respond to a petitioner's § 2255 motion only if ordered by the judge to do so. See Rule 5(a)

of Rules Governing Section 2255 Proceedings. Moreover, even where the Government is under such an obligation, the Second Circuit has held that a district court may not enter default judgment for the petitioner merely on the basis of the Government's delay in complying with its duty. <u>Bermudez v. Reid</u>, 733 F.2d 18, 21-22 (2d Cir. 1984). Rather, the Court may resolve the matter in the petitioner's favor only if he has established his "'claim or right to relief by evidence satisfactory to the court.'" <u>Id.</u> (citing Fed. R. Civ. P. 55(e)). As Judge Maas possessed an independent obligation to review Akwuba's claims, and because those claims are devoid of merit for the reasons contained in this Opinion and the R & R, Akwuba was not prejudiced by Judge Maas's acceptance of the Government's late-filed opposition papers. Therefore, the Court finds no reason to modify or reject the R & R on this basis.[1]

Insomuch as Akwuba challenges Judge Maas's rulings respecting the introduction of expert analysis, Rule 7 of the Rules Governing Section 2255 Proceedings vests discretion in the judge to expand the record, but by no means requires such

---

[1] That is not to say that the Court condones the Government's late filings. As set forth in Judge Maas's Order filed on February 27, 2002, the Government requested three extensions for its time to file a responsive submission, each time well over one month after that submission was due. <u>See</u> 96 Cr. 1159 (SWK), Dkt. No. 72. While these late-filed requests were at variance with Federal Rule of Civil Procedure 6(b), the Court holds that they do not affect the propriety of Judge Maas's conclusions.

expansion of the record. Here, because the Court finds that Akwuba's claims regarding the alleged fabrication of audiotape evidence are procedurally barred, see Part II.B.2., the requested expert evidence could not affect the proper resolution of those claims. Therefore, Judge Maas properly declined to admit such expert analysis.

## 2. Objections to Judge Maas's Recommendations for the Disposition of the Petitioner's Substantive Claims

Akwuba also challenges Judge Maas's recommendations with respect to several of his substantive claims, including his contention that the indictment was secured through perjurious testimony; that the so-called "nonexistent" investment program underlying the charged fraudulent scheme actually existed; and that the Government's expert witness was unqualified. (Akwuba Objections 2-3, 4, 6, 7, Jan. 4, 2007.) These claims are all of the sort that could have been brought on direct appeal. Since Akwuba did not raise these claims on appeal, however, see Akwuba, 2000 WL 311051, at *1 (enumerating three claims Akwuba brought on appeal), he may raise them now "only if [he] can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citations and internal quotation marks omitted). Here, Akwuba has failed to make either of the required showings.

To establish "cause," a § 2255 petitioner must show that some external objective factor--such as governmental interference, unavailability of the relevant factual or legal basis, or ineffective assistance of counsel--prevented him from raising the relevant issue on appeal. Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Because Akwuba has failed to provide any explanation whatsoever for his failure to bring the claims at issue on appeal, he has not met the "cause" prong of the procedural default analysis. See Campino v. United States, 968 F.2d 187, 191 (2d Cir. 1992) (dismissing claim under § 2255 where petitioner had "not shown any cause for his failure to raise [the] claim on direct appeal"). Therefore, Akwuba cannot satisfy the "cause and prejudice" standard. See Raposo v. United States, No. 01 Civ. 5870 (DAB), 2004 WL 1043075, at *2 (S.D.N.Y. May 7, 2004) (holding that claims were procedurally defaulted where "no explanation" was given for petitioner's failure to bring them on appeal).

In order to prove his "actual innocence," a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)) (internal quotation marks omitted). Here, the Government produced ample evidence of Akwuba's guilt, in the

form of statements from defrauded victims, exhibits describing the fraudulent investment schemes, expert testimony, and bank records demonstrating that Akwuba diverted to his personal use funds that were purportedly to be invested on behalf of victims. In light of this overwhelming evidence, Akwuba's unsupported, conclusory assertions are plainly insufficient to support a finding of "actual innocence."

In sum, Akwuba has failed either to meet the "cause and prejudice" standard or show his "actual innocence." Therefore, the Court adopts Judge Maas's recommendation to dismiss Akwuba's substantive claims as procedurally defaulted.

### 3. Objections Regarding the Ineffectiveness Claims

Akwuba also objects to Judge Maas's resolution of his ineffectiveness claims, which are predicated on his counsel's purported failure to effectively raise the substantive claims addressed supra, in Part II.B.2. Specifically, Akwuba impugns his counsel's performance in challenging the alleged perjury committed by F.B.I. Agent Michael Keeley ("Agent Keeley"). In addition, Akwuba contends that his counsel's ineffectiveness prevented him from demonstrating flaws in the audiotapes produced as evidence in support of the prosecution. Akwuba further argues that his counsel obstructed his efforts to demonstrate that the so-called "nonexistent" investment opportunities underlying the charged fraudulent scheme in fact

11

existed. Finally, Akwuba avers that his counsel failed to call a proper financial expert to demonstrate the existence of the allegedly nonexistent investment programs and to rebut testimony provided by the Government's expert. (See Akwuba Objections 3-8, Jan. 4, 2007.) Because these various claims are either procedurally barred by virtue of having been considered on appeal or fail to establish ineffectiveness of counsel, the Court adopts Judge Maas's proposed dismissal of Akwuba's ineffectiveness claims.

Claims of ineffective assistance not raised on appeal generally may be brought in the first instance on collateral review. Massaro v. United States, 538 U.S. 500, 509 (2003). Nevertheless, where a criminal defendant "chooses to make an ineffective-assistance argument on direct appeal [he] cannot present it again on collateral review." Peoples v. United States, 403 F.3d 844, 848 (7th Cir. 2005) (citing cases); accord Massaro, 538 U.S. at 508 (indicating that ineffectiveness claims need not always be brought on collateral review). In the instant case, the Second Circuit rejected several complaints raised by Akwuba concerning his trial counsel's poor performance, which allegedly stemmed from a conflict of interest between them. Akwuba, 2000 WL 311051, at *1. Insofar as Akwuba merely seeks to relitigate these complaints, his ineffectiveness claims are procedurally barred. See United States v. Sanin, 252 F.3d 79, 83

(2d Cir. 2001) ("[A] § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal.") (citations and internal quotation marks omitted); see also Garcia v. United States, No. 04 Civ. 0465, 2004 WL 1752588, at *5 (N.D.N.Y. Aug. 4, 2004) (applying Sanin to ineffectiveness claim previously raised on direct appeal).

To the extent that Akwuba's ineffectiveness claims were not previously raised and considered by the Second Circuit, he can prove them by showing: (1) that his attorney's representation fell below an objective standard of professional reasonableness, and (2) that he was thereby prejudiced. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). Here, the Court finds that all of the arguments Akwuba faults his counsel for not raising were meritless. Therefore, Akwuba cannot show that his counsel's performance was objectively unreasonable, or that the result of his trial would likely have been different had his counsel raised the arguments that Akwuba now claims he should have raised. See United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance . . . .") (citation omitted).

Akwuba has not provided any evidence to support his claim that Agent Keeley committed perjury. Given his failure to proffer evidence of perjury, Akwuba cannot overcome the "strong

13

presumption" that his counsel performed in a professionally reasonable manner in challenging Agent Keeley's testimony. <u>See Strickland</u>, 466 U.S. at 689. In this regard, the alleged perjurious assertions at issue, which concerned a conversation between Agent Keeley and Akwuba, only came to the latter's attention during the trial. (Akwuba Objections 3, Jan. 4, 2007.) Therefore, Akwuba's counsel cannot be faulted for failing to raise the issue before trial, when the alleged perjury could not have been known to him. In addition, once the alleged perjury became known to counsel, he immediately brought it to the Court's attention. (Trial Tr. 1756.) Akwuba has not identified any further information that would have come to light had his counsel more vigorously addressed the purported perjury, perhaps in his cross-examination of Agent Keeley. Under these circumstances, counsel's ultimate decision regarding the cross-examination of Agent Keeley and the presentation of further evidence on the alleged perjury was "strategic in nature" and will not support an ineffectiveness claim. <u>United States v. Nersesian</u>, 824 F.2d 1294, 1321 (2d Cir. 1987).

Akwuba has also failed to demonstrate that his counsel performed unreasonably in responding to the Government's audiotape evidence. Akwuba's counsel objected to the admission of that evidence as soon as it was authenticated by Agent Keeley. (Trial Tr. 1756-57.) Furthermore, his counsel submitted

14

an annotated transcript of the audiotape evidence, which identified the alleged alterations therein. (Trial Tr. 1757-58.) Moreover, Akwuba's counsel has stated that he "spent days . . . going over the tapes and preparing [his] own transcripts." (Tr. 10, October 1, 1998.) As Akwuba concedes, his counsel apparently declined to offer contrary expert evidence in part because he adjudged the Government's audiotapes to contain "no incriminating or damaging statements attributable to [Akwuba]." (Akwuba's Am. Pet. 68.) Under these circumstances, his counsel's decision not to submit expert analysis of the Government's audiotape evidence represents a "virtually unchallengeable" strategic decision. Kirsh, 54 F.3d at 1071 (quoting Strickland, 466 U.S. at 690); cf. Mocombe v. United States, No. 02 Civ. 1846 (HB), 2005 WL 730566, at *2 (S.D.N.Y. Mar. 31, 2005) (holding that counsel was not ineffective for failing to introduce scientific analysis of audiotape evidence where petitioner offered "no evidence to suggest there was any alteration of the tapes other than his own word, which ha[d] proven to be less than reliable").

Akwuba's claim regarding his counsel's failure to call a financial expert is likewise meritless. Although Akwuba lists several propositions to which an expert witness would have testified (Akwuba's Pet. 57-58), he fails to identify any individual expert who would have given such testimony. In the

15

absence of any showing that there exists an expert who would advance the propositions cited by Akwuba, the Court will not find Akwuba's counsel ineffective for failing to call one. <u>See Murden v. Artuz</u>, 253 F. Supp. 2d 376, 389 (E.D.N.Y. 2001) (holding that ineffectiveness cannot be predicated on counsel's failure to call expert witness where the petitioner "has not come forward with affidavits or other admissible evidence showing that there is an expert witness who would have testified [to the relevant facts]").[2]

Finally, Akwuba's claim that his counsel obstructed his efforts to prove the existence of the so-called nonexistent investment programs is without any evidentiary support in the record. His bare allegation that he possessed "documentation issued by the Federal Reserve Bank of the United States, which verifies the existence and authenticity of the target

---

[2] The only potential expert witness identified by the defense during the trial was John Juncal ("Juncal"), who was incarcerated at FCI Otisville. (Tr. 17, Oct. 5, 1998.) The record does not reveal why the defense failed to present Juncal as a witness. Nevertheless, the Court notes that trial counsel's decision not to call a witness for strategic reasons is generally unassailable. <u>See</u> <u>United States v. Best</u>, 219 F.3d 192, 201 (2d Cir. 2000) (citations omitted). Given the possibility that the jury would have drawn a negative inference from the presentation of expert testimony by a prison inmate, Akwuba's counsel may have had legitimate strategic grounds for failing to call Juncal. In any event, since Akwuba's § 2255 petition does not allege--let alone demonstrate through affidavits or like evidence--that Juncal would have provided exculpatory expert testimony, the Court cannot fault Akwuba's counsel for failing to call him. <u>See</u> <u>Murden</u>, 253 F. Supp. 2d at 389.

investment" (Akwuba's Objections 4, Jan. 4, 2007), without any accompanying proffer of that documentation, plainly does not show the existence of these investment programs. Moreover, given the paucity of evidence that the investment programs in question actually existed, in conjunction with the strong evidence adduced at trial that such programs did not exist, the Court cannot find Akwuba's counsel ineffective for failing to argue that the programs existed. See Kirsh, 54 F.3d at 1071 ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance . . . .").

In summary, the Court adopts Judge Maas's recommendation to deny Akwuba's ineffectiveness claims in their entirety.

**4. The Remainder of the R & R Is Not Clearly Erroneous**

Akwuba filed "a general objection to all of Judge Maas's findings and recommendations" on May 4, 2005. Since this "general objection" fails to identify any particular aspects of the R & R, it is insufficient to trigger the Court's de novo review obligation. See Rule 8(b) of Rules Governing Section 2255 Proceedings ("The judge must determine de novo any proposed finding or recommendation to which objection is made."); Fed. R. Civ. P. 72(b) (requiring judge to perform de novo review "of any portion of the magistrate judge's disposition to which specific written objection has been made") (emphasis added); see also 28 U.S.C. § 636(b)(1) (mandating de novo review of "those portions

17

of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); <u>cf.</u> <u>Brown v.</u> <u>Duncan</u>, 00 Civ. 290 (GLS/GHL), 2006 WL 1977469, at *2 (N.D.N.Y. July 11, 2006) (holding, in context of local rule on objections to magistrate judges' reports and recommendations, that "conclusory objections also fail to satisfy the specificity requirement"); <u>Martinson v. U.S. Parole Comm'n</u>, 02 Civ. 4913 (KMK), 2005 WL 1309054, at *3 n.6 (S.D.N.Y. June 1, 2005) ("The Court also questions whether . . . Petitioner's contentions therein are sufficiently specific to allow the Court to understand which portions of the Report and Recommendation Petitioner objects to and what arguments he makes against them."). Therefore, the Court must review the remainder of the R & R under a clearly erroneous standard. <u>See</u> <u>Nelson</u>, 618 F. Supp. at 1189 (citing Fed. R. Civ. P. 72 advisory committee's notes).

Having conducted the requisite review of the record and Akwuba's § 2255 petition, the Court finds no clear error in the remainder of the R & R and adopts it without reservation.

## III. CONCLUSION

In light of the foregoing analysis, the Court adopts the R & R and denies Akwuba's § 2255 petition. Moreover, since reasonable jurists would not find the Court's resolution "debatable or wrong," either with respect to the procedural issues attendant upon Akwuba's claims or the underlying

constitutional issues, the Court will not issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

SO ORDERED.

SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          June 20, 2007

19